UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-06165-CAS (RAOx) | Date | February 6, 2018 |
|---|---|---|---|
| Title | STEPHANIE STEFAN V. LIFE INS. CO. OF NORTH AMERICA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANT'S MOTION TO TRANSFER (Filed December 29, 2017, Dkt. 18)

## I.    INTRODUCTION

On August 18, 2017, plaintiff Stephanie Stefan filed this action alleging that defendants Life Insurance Corporation of America ("LINA") and Health Net, Inc. ("Health Net") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., by denying plaintiff's application for long-term disability ("LTD") benefits. Dkt. 1 ("Compl."). On December 29, 2017, defendants filed a motion to transfer the case to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).[1] Dkt. 18 ("Mot."). On January 1, 2018, plaintiff filed an opposition, Dkt. 21 ("Opp'n"); and defendants filed a reply on January 12, 2018, Dkt. 22 ("Reply"). Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff is a Pennsylvania resident who worked at Health Net's Johnstown, Pennsylvania office. Compl. ¶ 8; Gelb Decl. ¶ 11. Health Net is a Delaware corporation with offices in several locations, including Woodland Hills, California and Johnstown,

---

[1] Defendants also filed a declaration and supporting exhibits by Alexandria J. Gelb, LINA's Senior Operations Representative and requested that the Court take judicial notice of certain federal court management statistics. Dkt. 18 ("Gelb Decl."); dkt. 18 ("RJN"). With their reply brief, defendants filed a declaration by Robert H. Sanders, a Senior Vice President of Centene, Health Net's parent company. Dkt. 23 ("Sanders Decl.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06165-CAS (RAOx) | Date | February 6, 2018 |
| Title | STEPHANIE STEFAN V. LIFE INS. CO. OF NORTH AMERICA ET AL. | | |

Pennsylvania. Health Net is a now a subsidiary of Centene, a Missouri corporation with its principal place of business in St. Louis. Sanders Decl. ¶¶ 3–4. As a benefit of her employment, plaintiff received LTD coverage under the Health Net's employee benefit plan (the "Plan"). Compl. ¶¶ 5, 9. Benefits under the Plan are provided through an insurance policy (the "Policy") issued by LINA. Id. ¶ 10; Gelb Decl. ¶ 6. LINA is a Pennsylvania corporation, with its principal place of business in Philadelphia. Gelb Decl. ¶ 3. The Policy was issued in Delaware and is governed by Delaware law. Id. ¶ 7. Health Net is the named Plan administrator. Compl. ¶ 5. However, Health Net designated LINA as claim fiduciary for the Policy for purposes of claims administration. Id. ¶ 9.

Plaintiff alleges that she ceased working due to a disability on July 29, 2013 and filed an application for LTD benefits under the Plan. Compl. ¶¶ 12, 14. Plaintiff provided medical records indicating that she received treatment from physicians in Johnstown, Pittsburgh, and Indiana, Pennsylvania. Gelb. Decl. ¶¶ 13–15. Plaintiff's claim was administered from LINA's office in Glendale, California because Health Net's main office was located in Woodland Hills at that time. Id. ¶ 16. To inform its claim review, LINA retained medical consulting firms in Massachusetts and Washington, which contracted with peer physicians in New York, Florida, and California. Id. ¶ 17. On January 22, 2015, LINA denied plaintiff's claim for LTD benefits. Compl. ¶ 16. LINA upheld its original determination on multiple appeals and issued a final decision on March 18, 2017. Id. ¶¶ 18–23.

### III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, (1964) (internal citations and quotation omitted). To support a motion for transfer, the moving party has the burden to establish "that venue is proper in the transferor district; that the transferee district is one where the action might have been brought; and that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." Vu v. Ortho-McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009) (internal quotation marks and citation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06165-CAS (RAOx) | Date | February 6, 2018 |
| Title | STEPHANIE STEFAN V. LIFE INS. CO. OF NORTH AMERICA ET AL. | | |

individualized basis. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

The district court must consider both private factors, which go to the convenience of the parties and witnesses, and public factors which go to the interests of justice. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Relevant factors include: (1) the plaintiff's choice of forum, (2) the extent to which there is a connection between the plaintiff's claims and the forum, (3) the parties' contacts with the forum, (4) the convenience of witnesses, (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (6) the ease of access to sources of proof, (7) the existence of administrative difficulties resulting from court congestion, (8) whether there is a "local interest in having localized controversies decided at home," (9) whether unnecessary problems in conflict of laws, or in the application of foreign law, can be avoided, and (10) the unfairness of imposing jury duty on citizens in a forum unrelated to the action. Saleh v. Titan Corp., 361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005) (citing Jones, 211 F.3d at 498–99; Decker Coal, 805 F.2d at 843).

## IV. DISCUSSION

The parties agree that venue is proper both in the Central District of California and the Western District of Pennsylvania. ERISA's broad venue provision "specifies that a plaintiff may bring an action where (1) a plan is administered, or (2) a breach took place, or (3) a defendant resides or (4) a defendant may be found." Varsic v. U.S. Dist. Court for Cent. Dist. of California, 607 F.2d 245, 248 (9th Cir. 1979) (citing 29 U.S.C. § 1132(e)(2)). Here, LINA is headquartered in Philadelphia, Pennsylvania and administered plaintiff's claim at its office in Glendale, California. Health Net administered the Plan from its office in Woodland Hills, California. Health Net also has an office in Johnstown, Pennsylvania where plaintiff worked. Accordingly, venue is proper in both the transferor and potential transferee districts.

### A. Plaintiff's Choice of Forum

Generally, "a plaintiff's choice of forum is accorded great deference in ERISA cases." Jacobson v. Hughes Aircraft Co., 105 F.3d 1288, 1302 (9th Cir. 1997), opinion amended on denial of reh'g, 128 F.3d 1305 (9th Cir.1997), rev'd on other grounds, 525 U.S. 432 (1999). Thus, ordinarily a defendant seeking transfer pursuant to § 1404(a) bears a heavy burden and "must make a strong showing of inconvenience to warrant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06165-CAS (RAOx) | Date | February 6, 2018 |
| Title | STEPHANIE STEFAN V. LIFE INS. CO. OF NORTH AMERICA ET AL. | | |

upsetting the plaintiff's choice of forum." Decker Coal, 805 F.2d at 843. However, even in the ERISA context, "where, as here, the chosen forum is not the plaintiff's home forum, 'the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable.' " Daie v. Intel Corp., No. C 15-05255 WHA, 2016 WL 641646, at *2 (N.D. Cal. Feb. 18, 2016) (quoting Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 430 (2007)). Here, defendants argue that plaintiff's choice of forum is entitled to minimal deference. Mot. at 8. Although plaintiff acknowledges that her out-of-state residence tempers the deference usually afforded to her chosen forum, she maintains that defendants nevertheless have failed to satisfy their burden. Opp'n at 7. The Court agrees.

### B. Convenience of Parties and Witnesses

The Court first addresses the "convenience of parties and witnesses" and related private factors such as the relative ease of access to sources of proof, the availability of compulsory process for unwilling witnesses, and other practical considerations that make resolving a case "easy, expeditious, and inexpensive." Decker, 805 F.3d at 843. In the context of an ERISA denial of benefits claim, the relevance and weight of these factors entirely depends on the applicable standard of review and whether any evidence outside the administrative record may be considered.

District courts apply de novo review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits" in which case an abuse-of-discretion standard applies. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). In general, "a district court may review only the administrative record when considering whether the plan administrator abused its discretion, but may admit additional evidence on de novo review." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006). There are limited exceptions on abuse-of-discretion review, such as when courts need to consider extrinsic evidence to determine how much weight to give to a claimed conflict of interest on the part of a plan administrator, or when the administrator failed to follow procedural requirements. Id. at 970, 972–73. Even on de novo review, district courts are limited to the administrative record "unless circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review." Kearney v. Standard Ins. Co., 175 F.3d 1084, 1094 (9th Cir. 1999) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06165-CAS (RAOx) | Date | February 6, 2018 |
| Title | STEPHANIE STEFAN V. LIFE INS. CO. OF NORTH AMERICA ET AL. | | |

Defendants argue that transfer is warranted because all of the medical evidence and third-party witnesses regarding plaintiff's disability are located in Pennsylvania. Mot. at 10. At the same time, defendants contend the fact that LINA's claims administration occurred in California bears little weight because "[i]f the case is tried on the administrative record, there will be no witnesses," and the administrative record is "easily presented" in any jurisdiction. Mot. at 10 (quoting Guy v. Hartford Life Group Ins. Co., No. 11–3453 SI, 2011 WL 5525965, at *3 (N.D. Cal. Nov.14, 2011)). Plaintiff argues that defendants' position is self-contradictory and that the convenience of witnesses and evidence factors are "largely irrelevant" given that the case will be "litigated on a closed record." Opp'n at 8–9. In reply, defendants maintain transfer is appropriate because plaintiff proposes discovery that "involves employees of LINA whose principle place of business is in Pennsylvania." Reply at 3.

The parties' Joint Scheduling Conference Report is instructive in determining how to evaluate the convenience of witnesses and evidence factors in this case. See Dkt. 17. Plaintiff's position is that de novo review applies and therefore she will seek "discovery designed to explore the weight the Court should grant opinion evidence in the record, to include the qualifications, bias, and reliability of the individuals who provide such evidence." Id. at 4. Should the Court apply an abuse-of-discretion standard, plaintiff will seek "limited discovery into the completeness of the record" and whether defendants have a "conflict of interest." Id. Defendant's position is the claim will be reviewed for abuse of discretion, and that limited discovery would be permitted into whether there is a "structural conflict of interest." Id. Should the Court apply de novo review, defendants "believe no discovery is necessary" unless the Court "determines that an informed decision cannot be reached based on the existing record." Id.

Defendants do not explain how this proposed discovery makes the Western District of Pennsylvania a more convenient forum. Even if the Court applies a de novo standard of review, plaintiff seeks discovery regarding the "qualifications, bias, and reliability" of the opinion evidence in the administrative record. As defendants indicate, LINA administered plaintiff's claim from its office in Glendale, California. Gelb Decl. ¶16. And to inform its claim review, LINA retained medical consulting firms in Massachusetts and Washington, which contracted with peer physicians in New York, Florida, and California. Id. ¶ 17. Accordingly, there is no indication that any of this discovery would occur in defendants' preferred forum. Accordingly, the Court finds that the convenience of witnesses and evidence factors do not weigh in favor of transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:17-cv-06165-CAS (RAOx) | Date | February 6, 2018 |
|---|---|---|---|
| Title | STEPHANIE STEFAN V. LIFE INS. CO. OF NORTH AMERICA ET AL. | | |

Defendants also argue that the "convenience of the parties" favors transfer. According to defendants, while Health Net is a nominal defendant based on its role as the Plan's administrator, it is not actually involved in the dispute because LINA administers all claims under the Policy. Mot. at 9. Because plaintiff is a Pennsylvania resident and LINA is a Pennsylvania corporation, defendants argue the Western District of Pennsylvania is the "more convenient forum for both parties simply by virtue of residence or domicile." Id. The Court is not persuaded by this argument. Plaintiff has clearly indicated that the Central District of California is not an inconvenient forum by filing suit here, and there is no indication that she will be called to testify. Although LINA is headquartered in Philadelphia, it administered plaintiff's claim from its office in Glendale, California. Moreover, all parties have already retained counsel in this district. Accordingly, the Court finds that transferring the case would not be convenient for the parties because it "would cause unnecessary administrative delays and would require both sides to retain new counsel or impose travel expenses for existing counsel." Daie, 2016 WL 641646, at *3.

    **C.**    **Interests of Justice**

In evaluating the interest of justice, a court may consider "public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." Decker Coal, 805 F.2d at 843 (9th Cir. 1986) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).

Defendants argue that the "burden on the already taxed resources of the Central District of California, and the greater litigation costs of an action here, favor transfer to Pennsylvania." Mot. at 11. Defendants indicate that the Central District of California reports 16,420 cases in 2017, as compared to 3,163 cases in the Western District of Pennsylvania. RJN, Ex. 1. The Central District of California has a 5.6 percent backlog of three-year old cases, or 538 cases, whereas the Western District of Pennsylvania has only 60 three-year old cases. Id. In the Central District of California, 28 judges hear an annual average of 586 cases, while 10 judges in Western District of Pennsylvania hear an average of 316 cases. Id. Defendants maintain that adding plaintiff's case to the "stretched resources of this district imposes an unfair burden on judicial resources here." Mot. at 12.

In considering the administrative difficulties flowing from court congestion, however, the Ninth Circuit has emphasized that "[t]he real issue is not whether a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:17-cv-06165-CAS (RAOx) | Date | February 6, 2018 |
|---|---|---|---|
| Title | STEPHANIE STEFAN V. LIFE INS. CO. OF NORTH AMERICA ET AL. | | |

dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1337 (9th Cir. 1984); see also 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3854 at 346–47 (4th ed. 2013) (reducing congestion on the local docket, by itself, is not an appropriate factor on a motion to transfer). The statistics cited by defendants indicate that in 2017, the median time from filing to trial was 18.9 months in the Central District of California; whereas the median time for the same period in the Western District of Pennsylvania was 31.5 months. RJN, Ex. 1. Because this case will likely be adjudicated more expeditiously here than it would be in defendants' preferred forum, the Court finds that this factor weighs against transfer.

      Finally, defendants argue that an important "interest of justice" factor is the prevention of forum shopping. Mot. at 13. Defendants assert that plaintiff filed suit here to take advantage of California's anti-discretion statute, Cal. Ins. Code § 10110.6, in an effort to secure de novo review of defendants' denial of her claim for benefits. Reply at 5. This statute "voids any 'provision that reserves discretionary authority to the insurer, or an agent of the insurer.'" Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan, Plan No. 625, 856 F.3d 686, 692 (9th Cir. 2017) (quoting Cal. Ins. Code § 10110.6(a)). Defendant indicates that Health Net appointed LINA as its claims fiduciary, and under this designation, LINA has "authority, in its discretion" to interpret Plan terms, determine eligibility, and determine claims for benefits. Reply at 5. Although this discretionary language triggers the abuse-of-discretion standard of review, defendants indicate that if the Court were to apply § 10110.6, the discretionary language would not be enforced, rather LINA's benefits determination would be reviewed de novo. Id. at 5–6. Defendants contend that plaintiff's decision to bring her claim in California "to gain legal advantage, while Pennsylvania is the more convenient forum, strongly suggests forum shopping." Id. at 6.

      As an initial matter, the Court is not persuaded that § 10110.6 is applicable here because the Policy was issued in Delaware and its terms state Delaware law applies. Gelb. Decl. ¶ 7, Ex. 1 at 6. But more importantly, a transfer pursuant to § 1404(a) should have no effect on the potential applicability of any particular state law. See Van Dusen, 376 U.S. at 639 ("[a] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."). However, the Court need not reach this choice-of-law issue or the application of § 10110.6 more generally at this juncture. The authorities relied upon by defendants merely stand for the proposition that although the plaintiff's choice of forum is generally accorded great deference, "[w]here forum-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | 'O' |
|---|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | | |
| Case No. | 2:17-cv-06165-CAS (RAOx) | | Date | February 6, 2018 |
| Title | STEPHANIE STEFAN V. LIFE INS. CO. OF NORTH AMERICA ET AL. | | | |

shopping is evident, however, courts should disregard plaintiff's choice of forum." Foster v. Nationwide Mut. Ins. Co., No. C 07-04928 SI, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007). Here, there is little indication of forum shopping. And even if the Court were to disregard plaintiff's choice of forum, defendants do not provide any reasoned basis for litigating this case in Pennsylvania given that it will be decided on an administrative record and none of plaintiff's proposed discovery would occur there. Accordingly, defendants have not satisfied their burden of demonstrating that transfer to the Western District of Pennsylvania would serve the convenience of the parties and witnesses and would promote the interests of justice.

## V. CONCLUSION

Accordingly, the Court **DENIES** defendants' motion to transfer.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |